1  DANIELLE OCHS, CA Bar No. 178677
   danielle.ochs@ogletree.com
2  RYAN C. FINN, CA Bar No. 333209
   ryan.finn@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
4  One Embarcadero Center, Suite 900
   San Francisco, CA  94111
5  Telephone:    415-442-4810
   Facsimile:    415-442-4870
6
   Attorneys for Defendant
7  AMERICOLD LOGISTICS LLC

8                  **UNITED STATES DISTRICT COURT**

9                  **EASTERN DISTRICT OF CALIFORNIA**

10

11 SABRINA NISHA, an individual,              Case No.

12               Plaintiff,                    **DEFENDANT AMERICOLD LOGISTICS,
                                               LLC'S NOTICE OF REMOVAL OF CIVIL
13        v.                                   ACTION TO UNITED STATES DISTRICT
                                               COURT PURSUANT TO 28 U.S.C. §§ 1332,
14 AMERICOLD LOGISTICS LLC, a Delaware         1441, 1446
   Limited Liability Company; and DOES 1
15 through 20, inclusive,                      **[DIVERSITY OF CITIZENSHIP]**

16               Defendants.                   [Filed concurrently with Civil Cover Sheet;
                                               Declaration of Melanie Spry in Support of
17                                             Removal; and Rule 7.1 Corporate Disclosure
                                               Statement and Certificate of Interested Parties]
18
                                               Complaint Filed:  January 27, 2023
19                                             Trial Date:       None Set

20

21

22

23

24

25

26

27

28

1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN**

2

**DISTRICT OF CALIFORNIA AND TO PLAINTIFF SABRINA NISHA AND HER**

3

**ATTORNEYS OF RECORD:**

4

    **PLEASE TAKE NOTICE THAT** Defendant Americold Logistics LLC. ("Defendant")

5

hereby removes this action from the Superior Court of the State of California, County of

6

Stanislaus, to the United States District Court for the Eastern District of California, pursuant to

7

28 U.S.C. §§ 1332, 1441(b), and 1446. Defendant does so on the grounds that there is complete

8

diversity of citizenship between Plaintiff Sabrina Nisha ("Plaintiff") and Defendant; that the

9

amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in section 1332(a);

10

and that the foregoing facts were true when Plaintiff filed her complaint and remain true as of the

11

date of the filing of this Notice of Removal.

12

**I.**     **THE STATE COURT ACTION**

13

    1.     On January 27, 2023, Plaintiff filed a Complaint in the Superior Court of California,

14

County of Stanislaus, captioned *SABRINA NISHA vs. AMERICOLD LOGISTICS LLC*, case

15

number CV-23-000483 (the "Complaint"). Plaintiff hand-served the Complaint on Defendant's

16

agent for service of process on February 1, 2023. A true and correct copy of the Complaint and

17

other documents received is attached hereto as **Exhibit A**. Defendant filed and served its Answer to

18

the Complaint in the Superior Court of the State of California, County of Stanislaus on March 2,

19

2023 (the "Answer"). A true and correct copy of the Answer is attached hereto as **Exhibit B**.

20

**II.**     **REMOVAL IS TIMELY**

21

    2.     A defendant in a civil action has (30) days from the date it is served with a

22

summons and complaint to remove that action to federal court. 28 U.S.C. 1446(b)(1); *Murphy*

23

*Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Plaintiff served the

24

Complaint on Defendant on February 1, 2023. (*See* Ex. A, Proof of Service of Summons.)  The

25

thirtieth day after service of the Complaint is March 3, 2023. Therefore, this Notice of Removal is

26

timely. 28 U.S.C. § 1446(b).

27

    3.     The Complaint also names as defendants "DOES 1 through 20." Defendant is

28

informed and believes and on that basis alleges that none of the fictitiously-named defendants have

1  been served with a copy of the Summons and Complaint. Therefore, the fictitiously-named

2  defendants are not parties to the above-captioned action and need not consent to removal. *See* 28

3  U.S.C. § 1441(b)(1); *Fristoe v. Reynolds Metals Co.*, 615 F. 2d 1209, 1214 (9th Cir. 1980) ("Doe"

4  defendants need not be joined in a removal petition).

5  **III.    VENUE**

6      4.      The Superior Court of California, County of Stanislaus, is located within the

7  territory of the Eastern District of California. Therefore, venue for the purposes of removal is

8  proper pursuant to 28 U.S.C. § 84(d) because it is the "district and division embracing the place

9  where such action is pending." 28 U.S.C. § 1441(a).

10 **IV.    BASIS FOR REMOVAL**

11     5.      The Court has original jurisdiction over this action pursuant to 28 U.S.C. §

12 1332(a)(1).  Defendant may remove it to this Court pursuant to 28 U.S.C. § 1441.  This case is

13 between citizens of different states, and the amount in controversy exceeds $75,000.

14     **A.    Complete Diversity Exists Between Plaintiff and Defendant**

15         **(a)    Plaintiff is a Citizen of California**

16     6.      For purposes of diversity, the citizenship of a natural person is determined by

17 his/her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

18 Plaintiff alleges in her complaint that she "was at all relevant times herein a resident of Stanislaus,

19 County," California. (Ex. A, Plaintiff's Complaint at ¶ 1; *see also* (Declaration of Melanie Spry

20 ("Spry Decl.") ¶ 6.) Accordingly, Plaintiff is, and at the time she filed this action, was domiciled in

21 the State of California.

22         **(b)    Defendant is Not a Citizen of California**

23     7.      A limited liability company is deemed a citizen of any State of which its

24 owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899

25 (9th Cir. 2006) (applying the standard used in other circuits and treating LLCs like partnerships).

26 Moreover, a "principle place of business" refers to "the place where a corporation's officers direct,

27 control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93

28 (2010).

8.      At the time that Plaintiff filed the Complaint, Defendant was – and still is – a limited liability company organized under the laws of the State of Delaware, with no owners/members who are citizens of the State of California. (Spry Decl., ¶¶ 3 - 4.) Its principal place of business at the time of the filing of the Complaint was – and still is – located at its headquarters in Atlanta, Georgia. (Spry Decl., ¶ 5.) Thus, for the purposes of federal diversity jurisdiction, Defendant is not a citizen of the State of California.

            (c)      Does' Citizenship Should be Disregarded

9.      Pursuant to 28 U.S.C. section 1441(b)(1), the citizenship of defendant sued under fictitious names shall be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. 1332. Thus, the existence of Doe Defendants 1-20 does not deprive this Court of jurisdiction.

10.     Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant.

   **A.   The Alleged Amount in Controversy Exceeds $75,000**

11.     While Defendant denies any liability as to Plaintiff's claims, the amount in controversy in this action exceeds the sum of $75,000. Plaintiff alleges, *inter alia*, that during her employment Defendant retaliated against her based on complaints of harassment, insubordination and discrimination that she allegedly made, that Defendant discriminated against her based on her sex, age, national origin and perceived sexual orientation, and that Defendant wrongfully terminated her employment. (*See* Ex. A, Plaintiff's Complaint, generally.) For these claims, Plaintiff asserts that she has suffered economic damages "not less than $150,000." (*Id.*, Prayer for Relief ¶ 1.)

12.     Normally, the amount in controversy burden is "determined from the face of the pleadings." *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). Here, based on Plaintiff's allegations, her recoverable damages at least amount to $150,000.

13.     Plaintiff additionally seeks attorneys' fees. (*See* Ex. A, Plaintiff's Complaint at ¶¶

27, 38, Prayer for Relief, ¶ 5.) Although Defendant denies any liability to Plaintiff for attorneys' fees, claims for attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction. *Galt G/S/ v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (attorneys' fees included in determining jurisdictional amount).

14.     Plaintiff claims she is entitled to punitive damages (*See* Ex. A, Complaint, Prayer for Relief, ¶ 3.) Although Defendant denies any liability to Plaintiff for punitive damages, these damages are included when calculating the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (the "amount-in-controversy requirement excludes only 'interests and costs.")  An examination of jury awards shows that punitive damages alone in similar discrimination cases often exceed the $75,000 amount in controversy requirement. *See Carter v. CB Richard Ellis*, 2001 WL 34109371 (Orange County Superior Court, Oct. 7, 2001) ($600,000 award of punitive damages in case involving claims of age and gender discrimination); *see also Colucci v. T-Mobile USA, Inc.*, 48 Cal. App. 5th 442, 459 (2020) (awarding $1,530,063 in punitive damages in a workplace retaliation case).

15.     Based upon the foregoing, the amount in controversy in this action exceeds the jurisdictional minimum of $75,000.

16.     For these reasons, this Court has original jurisdiction over this action pursuant to 28 U.S.C. sections 1332 and 1441 on the basis of diversity jurisdiction.

## V.     ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

17.     In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders served in this action, including the Summons, Complaint, and Answer are attached hereto as **Exhibits A** and **B**.

18.     Defendant is filing this Notice of Removal within thirty (30) days after Plaintiff served Defendant with a copy of the Complaint, pursuant to 28 U.S.C. § 1446(b)(1).

19.     Defendant is serving a copy of this Notice of Removal on all adverse parties and a notice will be filed with the clerk of Superior Court of California for the County of Stanislaus

1    pursuant to 28 U.S.C. § 1446(d).

2        WHEREFORE, Defendant respectfully requests that the State Action be removed from the

3    state court in which Plaintiff filed the action to the United States District Court, in and for the

4    Eastern District of California, and further requests that this Honorable Court issue all necessary

5    orders and process and grant such other and further relief as in law and justice that Defendant may

6    be entitled to receive.

7

8

9    DATED:  March 3, 2023                    OGLETREE, DEAKINS, NASH, SMOAK &
                                            STEWART, P.C.
10

11

12                                          By:  /s/ Ryan C. Finn
                                                DANIELLE OCHS
13                                              RYAN C. FINN
                                                Attorneys for Defendant
14                                              AMERICOLD LOGISTICS LLC

15

16                                                              55104991.v2-Ogletree

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT AMERICOLD LOGISTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED
STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

# EXHIBIT A

Electronically Filed
1/27/2023 11:28 AM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Emily Prom, Deputy
$435.00 FEE WAIVED

Mike Chappars SBN# 290137
LAW OFFICE OF MIKE CHAPPARS
101 Church Street, Suite 30
Los Gatos, CA 95030
Phone: (408)508-3447
Fax: (408)213-5866
Email:  mike@345law.com

This case has been assigned to Judge Speiller, Stacy
Department 22 for all purposes including Trial.

Attorney for Plaintiff,
SABRINA NISHA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF STANISLAUS

| | |
|---|---|
| SABRINA NISHA, an individual<br><br>        Plaintiff,<br><br>    vs.<br><br>AMERICOLD LOGISTICS LLC, a<br>Deleware Limited Liability Company; and<br>DOES 1 through 20, inclusive,<br><br>    Defendants. | **CASE NO:** CV-23-000483<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1)    WRONGFUL TERMINATION IN<br>VIOLATION OF PUBLIC POLICY;**<br>**2)    DISCRIMINATION**<br>**3)    RETALIATION;**<br>**4)    UNFAIR BUSINESS PRACTICES**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff SABRINA NISHA, an individual, who hereby requests a jury trial on all

causes of action stated herein, and hereby alleges as his Complaint against all Defendants as

follows:

**PARTIES AND JURISDICTION**

    1.    Plaintiff, SABRINA NISHA (hereafter referred to as "PLAINTIFF"), was

at all relevant times herein a resident of Stanislaus County.

COMPLAINT FOR DAMAGES

2.	Defendant AMERICOLD LOGISTICS LLC (hereafter referred to as "DEFENDANT") is a Delaware Limited Liability Company doing business in the State of California and the County of Stanislaus.

3.	Defendant DOES name as 1 through 20, are unknown, but are individuals and or entities believed to be operating on behalf of or with the authority of the named Defendants.

4.	Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sue these defendants by such fictitious names and capacities.  Plaintiff will seek leave to amend this complaint to when their names and participation in the acts alleged herein have been ascertained.  DOES 1 through 20 and DEFENDANT shall be referred to, both individually and collectively, as DEFENDANT.

5.	This Court has jurisdiction over this matter since the events giving rise to the causes of action in this Complaint occurred in the County of Stanislaus, State of California within this judicial district, DEFENDANT does business in the County of Stanislaus, State of California, and DEFENDANTS committed the acts detailed below in the County of Stanislaus, State of California.

6.	Plaintiff does not know the true names capacities, or basis for liability of Defendants sued herein as Does 1 through 20, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff's claims.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.    Plaintiff is informed and believes, and therefore alleges, that all relevant times mentioned in this Complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiff so alleged

- 2 -

COMPLAINT FOR DAMAGES

and that such injuries and damages were proximately caused by such Defendants, and each of them.

## **FACTS COMMON TO ALL CAUSES OF ACTION**

7.      PLAINTIFF was hired to work as an employee for DEFENDANT on or around in or around May 17, 2015, where, at the time of her termination, she was paid $64,000 *per annum*.

8.      PLAINTIFF was a good employee and competent in her job performance.

9.      And all relevant times, DEFENDANTS employed more than five people in Stanislaus County in the State of California

10.     At all relevant times, each Defendant was acting as the agent employee of every other Defendant within the course and scope of such agency an employment and the knowledge consent permission authorization of each other in Defendant.

**11.**     PLAINTIFF worked as a Warehouse Supervisor.  PLAINITFF is a woman, over the age of 40, who is of Fijian descent.

12.     PLAINTIFF is informed and believes that a number of her coworkers perceived PLAINTIFF as lesbian.

13.     During the course of her employment, Ms. PLAINTIFF brought multiple protected complaints to DEFENDANT regarding sexual harassment she experienced in the workplace, regarding insubordination from a number of employees, regarding harassment she suffered, and regarding discrimination related to job opportunities.

COMPLAINT FOR DAMAGES

14.     DEFENDANTS were primarily motivated by PLAINTIFF's protected activities and protected characteristics when they denied her a promotion and other job opportunities.

15.     DEFENDANTS were primarily motivated by PLAINTIFF's protected activities and protected characteristics when they failed to protect PLAINTIFF from harassment, insubordination, rumor mongering, and other hostile treatment.

16.     DEFENDANTS were primarily motivated by PLAINTIFF's protected activities and protected characteristics when they subjected her to unwarranted investigation.

17.     DEFENDANT failed to take action after PLAINTIFF's complaints. DEFENDANT then terminated PLAINTIFF's employment on or around April 1, 2022.

18.     PLAINTIFF alleges that DEFENDANT terminated PLAINTIFF's employment because of her protected characteristics or because of her protected activities.

19.     PLAINTIFF attempted to meet and confer with DEFENDANTS to discuss her claims over a years long period, but DEFENDANT never made any response to PLAINTIFF's demands.

20.     On or around October 18, 2022, PLAINTIFF obtained a right to sue letter from the Department of Fair Employment and Housing.  A true and correct copy of the right to sue letter is attached to this complaint as Exhibit A.

### FIRST CAUSE OF ACATION
### (WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY)
### Against All DEFENDANTS

21.     Plaintiff incorporates all previous paragraphs as though fully set forth herein.

COMPLAINT FOR DAMAGES

22.     PLAINTIFF was in an employee/employer relationship with DEFENDANTS starting in or around May 17, 2015.

23.     PLAINTIFF suffered poor treatment through her employment because of her protected characteristics.  PLAINTIFF is a woman, of Fijian descent, who is perceived by DEFENDANTS as lesbian.

24.     PLAINTIFF engaged in protected activities when she complained about the discrimination, insubordination, and retaliation she suffered.

25.     DEFENDANT terminated PLAINTIFF's employment on or around April 1, 2022.

26.     DEFENDANT was substantially motivated to terminate PLAINTIFF's employment because of her protected characteristics and her protected activities.

27.     The above-said acts of DEFENDANT constituted a wrongful termination of PLAINTIFF's employment in violation of public policy.  As a direct and proximate result of DEFENDANT's conduct, PLAINTIFF has been damaged, and continues to suffer damages in that PLAINTIFF has lost and will continue to lose income.  PLAINTIFF has also found it necessary to retain the services of attorneys to pursue this action and the claims asserted herein and has incurred, and will continue to incur, certain legal fees, costs and expenses thereby.

**SECOND CAUSE OF ACTION**
**(RETALIATION)**
**Against All DEFENDANTS**

28.     Plaintiff incorporates all previous paragraphs as though fully set forth herein.

- 5 -

COMPLAINT FOR DAMAGES

29.    PLAINTIFF was in an employee/employer relationship with DEFENDANTS starting in or around May 17, 2015.

30.    PLAINTIFF suffered poor treatment through her employment because of her protected characteristics.  PLAINTIFF is a woman, over the age of 40, of Fijian descent, who is perceived by DEFENDANTS as lesbian.

31.    PLAINTIFF engaged in protected activities when she complained about the discrimination, insubordination, and retaliation she suffered.

32.    DEFENDANTS were primarily motivated by PLAINTIFF's protected activities and protected characteristics when they denied her a promotion and other job opportunities.

33.    DEFENDANTS were primarily motivated by PLAINTIFF's protected activities and protected characteristics when they failed to protect PLAINTIFF from harassment, insubordination, rumor mongering, and other hostile treatment.

34.    DEFENDANTS were primarily motivated by PLAINTIFF's protected activities and protected characteristics when they subjected her to unwarranted investigation.

35.    DEFENDANT terminated PLAINTIFF's employment on or around April 1, 2022.

36.    DEFENDANT subjected PLAINTIFF to an adverse employment action because she engaged in a protected activity.

37.    DEFENDANTS explicitly terminated PLAINTIFF's employment on or around April 1, 2022.

38.    The above-said acts of DEFENDANT constitute retaliation.  As a direct and proximate result of DEFENDANT's conduct, PLAINTIFF has been damaged, and continues

COMPLAINT FOR DAMAGES

to suffer damages in that PLAINTIFF has lost and will continue to lose income.  PLAINTIFF

has also found it necessary to retain the services of attorneys to pursue this action and the claims

asserted herein and has incurred, and will continue to incur, certain legal fees, costs and expenses

thereby.

**THIRD CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**
**Against All DEFENDANTS**

39.     Plaintiff incorporates all previous paragraphs as though fully set forth

herein.

40.     DEFENDANTS illegally subjected PLAINTIFF to retaliation based upon

her protected characteristics and protected activities.

41.     DEFENDANT wrongful termination of PLAINTIFF's employment was

primarily motivated by her protected characteristics and her protected activities.

42.     DEFENDANTS' described actions constitute unlawful, unfair or

fraudulent business act or practice.

PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against the DEFENDANTS, and each of them,

as follows:

1.     For economic damages, including front and back pay, losses incurred in seeking

substitute employment and loss of earnings, deferred compensation and other

employment benefits in an amount believed to be not less than $150,000;

2.     For general damages for losses;

3.     For exemplary and punitive damages in an amount to be determined at trial;

COMPLAINT FOR DAMAGES

4.      For prejudgment interest pursuant to Civil Code §§ 3287, 3288, or any other

applicable statute, at the legal rate;

5.      For reasonable attorney's fees pursuant to Government Code § 12965(b).

6.      For cost of suit incurred herein; and

7.      For such other and further relief as the Court may deem just and proper.


Dated: January 27, 2023

_____

Mike Chappars
Attorney for Plaintiff SABRINA NISHA

- 8 -

COMPLAINT FOR DAMAGES

EXHIBIT A



STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency                                      GAVIN NEWSOM, GOVERNOR

                                                                                                           KEVIN KISH, DIRECTOR
### Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.dfeh.ca.gov | contact.center@dfeh.ca.gov

October 18, 2022


Mike Chappars
101 Church Street, Suite 30
Los Gatoss, CA 95030

RE:   **Notice to Complainant's Attorney**
       CRD Matter Number: 202210-18604119
       Right to Sue: Nisha / Americold Logistics

Dear Mike Chappars:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 10/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.dfeh.ca.gov | contact.center@dfeh.ca.gov

October 18, 2022

RE:     **Notice of Filing of Discrimination Complaint**
         CRD Matter Number: 202210-18604119
         Right to Sue: Nisha / Americold Logistics

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD)) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

CRD - ENF 80 RS (Revised 10/22)

STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency                GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.dfeh.ca.gov | contact.center@dfeh.ca.gov

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.dfeh.ca.gov | contact.center@dfeh.ca.gov

October 18, 2022

Sabrina Nisha

,

RE:   **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202210-18604119
Right to Sue: Nisha / Americold Logistics

Dear Sabrina Nisha:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective October 18, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.dfeh.ca.gov | contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
# BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Sabrina Nisha                                              CRD No. 202210-18604119

Complainant,

vs.

Americold Logistics
One Concourse Parkway, Suite 450
Atlanta, GA 30328

Respondents

---

**1.** Respondent **Americold Logistics** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Sabrina Nisha**, resides in the City of **,** State of **.**

**3**. Complainant alleges that on or about **March 28, 2022**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's race, sex/gender, sexual harassment- hostile environment.

**Complainant was discriminated against** because of complainant's race, sex/gender, sexual harassment- hostile environment and as a result of the discrimination was terminated.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated.

**Additional Complaint Details:** Plaintiff was subjected to racial and sexual harassment. She was terminated when she complained.

-1-

*Complaint – CRD No. 202210-18604119*

Date Filed: October 18, 2022

CRD-ENF 80 RS (Revised 10/22)

1  VERIFICATION

2  I, **Mike Chappars**, am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof.  The matters alleged are based
   on information and belief, which I believe to be true.

4  On October 18, 2022, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                                  **Campbell, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                              -2-
                              *Complaint – CRD No. 202210-18604119*
27
   Date Filed: October 18, 2022
28
                                                                      CRD-ENF 80 RS (Revised 10/22)

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMERICOLD LOGISTICS LLC, a Deleware Limited Liability
Company; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SABRINA NISHA, an individual

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

Electronically Filed
1/27/2023 11:28 AM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Emily Prom, Deputy

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Stanislaus Superior Court

800 11th Street
Modesto, CA 95354

</td><td>

**CASE NUMBER:**
*(Número del Caso)* CV-23-000483

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Law Office of Mike Chappars, 101 Church Street, Suite 30, Los Gatos, CA 95030

<table>
<tr><td>

DATE: 1/27/2023 11:28 AM
*(Fecha)*

</td><td>Clerk, by
*(Secretario)*</td><td>Emily Prom</td><td>Deputy
*(Adjunto)*</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mike Chappars (SBN 290123) <br> 101 Church Street, Suite 30, Los Gatos, CA 95030 <br> TELEPHONE NO.: (408)508-3447    FAX NO. *(Optional)*: (408)213-5866 <br> E-MAIL ADDRESS: mike@345law.com <br> ATTORNEY FOR *(Name)*: SABRINA NISHA | Electronically Filed <br> 1/27/2023 11:28 AM <br> Superior Court of California <br> County of Stanislaus <br> Clerk of the Court <br> By: Emily Prom, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS**
STREET ADDRESS: 800 11th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Modesto, CA 95354
BRANCH NAME: Stanislaus County Superior Court Main Courthouse

CASE NAME:
NISHA v. AMERICOLD LOGISTICS LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited <br> (Amount demanded exceeds $25,000) | [ ] Limited <br> (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joiner <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | CV-23-000483 |
| | | | | JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [x] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 4
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 1/27/2023
Mike Chappars

▶

_____    _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mike Chappars<br>Bar #: 290137<br>101 Church Street Suite 30, Los Gatos, CA 95030<br><br>TELEPHONE NO.: **(408) 508-3447**        FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):***Plaintiff, Sabrina Nisha** | Electronically Filed<br>2/7/2023 10:39 AM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Emily Prom, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS**
STREET ADDRESS: 800 11th Street
 MAILING ADDRESS:
CITY AND ZIP CODE:Modesto, CA 95354
BRANCH NAME: Modesto Courthouse

| PLAINTIFF/PETITIONER: SABRINA NISHA, an individual<br>DEFENDANT/RESPONDENT: AMERICOLD LOGISTICS LLC, a Deleware Limited Liability<br>Company; | CASE NUMBER:<br>CV-23-000483 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No:<br>Nisha |

*(Separate proof of service is required for each party served)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. [✔] Complaint for Damages and Demand for Jury Trial
   - b. [✔] Civil Case Cover Sheet
   - c. [✔] Summons

3.  a. Party served (specify name of party as shown on documents served):
    **AMERICOLD LOGISTICS LLC, a Deleware Limited Liability Company**
    b. [✔] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
    **Emanuel Jacobo, Intake Specialist for Registered Agent CT Corporation System**
4. Address where the party was served:
    **330 N Brand Blvd, Suite 700, Glendale, CA 91203**
5. I served the party (check proper box)
    a. [✔] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **February 1, 2023**  at *(time):* **11:32 am**.
    b. [ ] **by substituted service.** On *(date):*  at *(time):* . I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        1. [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
        2. [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
        3. [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general natures of the papers.
        4. [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc § 415.20). I mailed the documents on *(date):* from *(city):* **or** [ ] a declaration of mailing is attached.
        5. [ ] I attached a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**
Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: SABRINA NISHA, an individual DEFENDANT/RESPONDENT: AMERICOLD LOGISTICS LLC, a Deleware Limited Liability Company; | CASE NUMBER: CV-23-000483 |
|---|---|

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    on *(date):*     from *(city):*

    1. ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    2. ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.30.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
    a. ☐ as an individual defendant
    b. ☐ as the person sued under the fictious name of *(specify):*
    c. ☐ as occupant
    d. ☒ On behalf of *(specify):* **AMERICOLD LOGISTICS LLC, a Deleware Limited Liability Company**
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
    a. Name: Joecelyn Ramos
    b. Address: 214 Lexington St, 2, Glendale, CA 91203
    c. Telephone number: (818) 356-6146
    d. **The fee** for service was: $ 85.00
    e. I Am:
        1. ☐ not a registered California process server
        2. ☐ exempt from registration under Business and Professions Code section 22350(b).
        3. ☑ a registered California process server:
            i. ☑ owner ☐ employee ☐ independent contractor
            ii. Registration No.: 2019112771
            iii. County: Los Angeles County

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and I** certify that the foregoing is true and correct..

Date: 02/03/2023

    Joecelyn Ramos         ▶        *Joecelyn Ramos*

_____        _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)

**Page 2 of 2**

| Form Adopted for Mandatory Use Judicial Council of California POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

**EXHIBIT B**

Electronically Filed
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Angela Mesa, Deputy

1  DANIELLE OCHS, CA Bar No. 178677
   danielle.ochs@ogletree.com
2  RYAN C. FINN, CA Bar No. 333209
   ryan.finn@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
4  One Embarcadero Center, Suite 900
   San Francisco, CA  94111
5  Telephone:     415-442-4810
   Facsimile:     415-442-4870
6
   Attorneys for Defendant
7  AMERICOLD LOGISTICS LLC

8                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                       **FOR THE COUNTY OF STANISLAUS**

10

11
   SABRINA NISHA, an individual,              Case No. CV-23-000483
12
                Plaintiff,                    **DEFENDANT AMERICOLD LOGISTICS,**
13                                            **LLC'S ANSWER TO PLAINTIFF**
            vs.                               **SABRINA NISHA'S UNVERIFIED**
14                                            **COMPLAINT**
   AMERICOLD LOGISTICS LLC, a Delaware
15  Limited Liability Company; and DOES 1     [Assigned for all purposes to The Honorable
   through 20, inclusive,                     Stacy P. Speiller, Dept. 22]
16
                Defendants.
17
                                             Action Filed:      January 27, 2023
18                                            Trial Date:        None Set

19

20

21

22

23

24

25

26

27

28

Defendant AMERICOLD LOGISTICS LLC ("Defendant") hereby answers the unverified Complaint ("Complaint") filed by Plaintiff SABRINA NISHA ("Plaintiff"):

### GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint, and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant.  Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

Additionally, Defendant asserts the following affirmative defenses and prays for judgment as set forth below.

### AFFIRMATIVE DEFENSES

Defendant alleges the affirmative defenses set forth herein as to each and every cause of action and claim for relief asserted in the Complaint unless specified otherwise.  By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden belongs to Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

1.      The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Plaintiff fails to state facts sufficient to constitute a cause of action against Defendant

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of limitations)

2.      The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, California Government Code Sections, 12960 and 12965(b).

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

3.     The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

4.     The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Plaintiff has failed, refused, or neglected to mitigate or avoid the damages complained of in her Complaint

**FIFTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

5.     The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Plaintiff unreasonably failed to take advantage of preventive or corrective measures provided by Defendant that would otherwise have prevented some or all of Plaintiff's alleged harm.

**SIXTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

6.     The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, by the doctrine of after-acquired evidence.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Authorization or Ratification)**

7.     The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because any unlawful or wrongful acts, to the extent they exist, taken by Defendant's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know nor should have known of such acts

DEFENDANT AMERICOLD LOGISTICS, LLC'S ANSWER TO PLAINTIFF SABRINA NISHA'S UNVERIFIED COMPLAINT

1
**EIGHTH AFFIRMATIVE DEFENSE**

2
**(Same Decision)**

3
8.      The Complaint, and each and every cause of action alleged therein, is barred, in

4
whole or in part, because although Defendant denies that any protected status was a motivating

5
factor in this case, even if it were, Defendant would have reached the same decision in the absence

6
of such protected status

7
**NINTH AFFIRMATIVE DEFENSE**

8
**(Laches)**

9
9.      The Complaint, and each and every cause of action alleged therein, is barred, in

10
whole or in part, by the doctrine of laches.

11
**TENTH AFFIRMATIVE DEFENSE**

12
**(Estoppel)**

13
10.      The Complaint, and each and every cause of action alleged therein, is barred, in

14
whole or in part, by the doctrine of estoppel.

15
**ELEVENTH AFFIRMATIVE DEFENSE**

16
**(Waiver)**

17
11.      The Complaint, and each and every cause of action alleged therein, is barred, in

18
whole or in part, by the doctrine of waiver.

19
**TWELFTH AFFIRMATIVE DEFENSE**

20
**(Unclean Hands)**

21
12.      The Complaint, and each and every cause of action alleged therein, is barred, in

22
whole or in part, by the doctrine of unclean hands.

23
**THIRTEENTH AFFIRMATIVE DEFENSE**

24
**(Res Judicata / Collateral Estoppel)**

25
13.      The Complaint, and each and every cause of action alleged therein, is barred, in

26
whole or in part, by the doctrines of res judicata and/or collateral estoppel.

27

28

DEFENDANT AMERICOLD LOGISTICS, LLC'S ANSWER TO PLAINTIFF SABRINA NISHA'S UNVERIFIED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Conduct Reasonable and Necessary)

14.     The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendant's conduct was at all times reasonable, in complete good faith, based upon good cause, and undertaken pursuant to the terms of the applicable laws and regulations.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Occupational Qualification)

15.     The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because the bona fide occupational qualifications of Plaintiff's position were reasonably necessary to Defendant's normal operations.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

16.     The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, to the extent that the Complaint seeks punitive or exemplary damages, it violates Defendant's rights to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of California and it violates Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damage Against Corporate Defendant)

17.     The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, as Defendant is not liable to Plaintiff for punitive damages because neither Defendant nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or

1  employed any such employee or employees with a conscious disregard of the rights or safety of

2  others, as required by California Civil Code section 3294(b).

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Appropriate Remedial Action)**

5        18.    The Complaint, and each and every cause of action alleged therein, is barred, in

6  whole or in part, as Defendant took all reasonable steps to prevent any alleged discrimination once

7  (and to the extent) it was made aware of Plaintiff's complaint(s), if Plaintiff in fact complained.

8  *Wellpoint Health Networks v. Superior Court* (1997) 59 Cal. App. 4th 110.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Additional Affirmative Defenses Not Waived)**

11        19.    Defendant expressly reserves the right to amend this Answer should additional

12  affirmative defenses become available

### PRAYER FOR RELIEF

15      WHEREFORE, Defendant prays for judgment as follows:

16      1.    That this action be dismissed in its entirety, with prejudice.

17      2.    That judgment be entered in favor of Defendant and against Plaintiff

18      3.    That Defendant be awarded its costs of suit and attorneys' fees incurred herein;

19      4.    For such other and further relief as this Court may deem just and proper.

21  DATED:  March 1, 2023

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
      DANIELLE OCHS
      RYAN C. FINN

Attorneys for Defendant
AMERICOLD LOGISTICS LLC

Case No. CV-23-000483

DEFENDANT AMERICOLD LOGISTICS, LLC'S ANSWER TO PLAINTIFF SABRINA NISHA'S UNVERIFIED COMPLAINT

**PROOF OF SERVICE**

*Sabrina Nisha v. AmeriCold Logistics LLC*
California Superior Court, County of Stanislaus
Case No. CV-23-000483

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of San Francisco in the office of a member of the bar of this court at whose direction the service was made.  My business address is One Embarcadero Center, Suite 900, San Francisco, CA 94111.

On March 1, 2023, I served the following document(s):

**DEFENDANT AMERICOLD LOGISTICS, LLC'S ANSWER TO PLAINTIFF SABRINA NISHA'S UNVERIFIED COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed to:

Mike Chappars                                    Attorneys for Plaintiff
LAW OFFICE OF MIKE CHAPPARS
101 Church Street, Suite 30
Los Gatos, CA  95030
Tel:      408-508-3447
Fax:     408-213-5866
E-Mail:  mike@345law.com

☒    **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒    **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    **(State)**     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 1, 2023 at San Francisco, CA.

_____
Pamela A. Leonard